**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROOSEVELT and JEANETTA BYRD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case. No. 06-CV-360-JHP |
| ) | |
| REGENCY MORTGAGE and ) | |
| PICKENS COUNTY, I.T. TITLE & ) | |
| CLOSING, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

Before the Court are Motions to Dismiss by Defendant Regency Mortgage and Defendant Pickens County, I.T. Title and Closing.[1] Because these Motions raise essentially the same arguments, the Court considers them together. For the reasons stated herein, Defendants' Motions are GRANTED in their entirety.

### Background

On September 9, 2006, Plaintiffs Roosevelt and Jeanetta Byrd filed their Complaint in this Court against Defendants Regency Mortgage and Pickens County, I.T. Title & Closing using a standard complaint form provided by the Court Clerk's office. In describing the background of their case, Plaintiffs allege that Defendants "VIOLATE OF CIVIL RIGHTS ACT OF 1964 & AMERICAN DISABILITIES ACT OF 1990." (Pl.'s Compl. 2.) With regard to their cause of

---

[1] The Court notes that Plaintiffs have failed to respond to Defendants' motions. According to Local Civil Rule 7.1(c), "[a] separate pleading in opposition or response to each motion, application, or objection shall be filed. Any failure to comply with this paragraph will constitute a waiver of any objection by the noncomplying party, and the failure to comply will constitute a confession of the matters raised by the pleadings."

action, Plaintiffs allege "determination from HUMAN RIGHTS COMMISION [sic] DETERMINATION OF NO REASONABLE CAUSE." (Pl.'s Compl. 2.) As supporting facts, Defendants state "REFER TO EXHIBITS 001-028" and "EXHIBITS AND COPIES." (Pl.'s Compl. 2.) Plaintiffs request relief in the amount of $350,000. (Pl.'s Compl. 3.) In addition, on what appear to be two identical indices of Plaintiffs' exhibits, Plaintiffs assert that "ALL ACTIONS ENCLOSED ARE BECAUSE OF THE BYRD'S RACE. THESE VIOLATES THE CIVIL RIGHTS ACT OF 1964 AND AMERICAN DISABILITIES ACT OF 1990. IF LIZ GRACE PAYED $1,527.00 TO BRING ABSTRACT CURRENT. MR. BYRD SHOULD HAVE ONLY PAID TO BRING THE ABSTRACT CURRENT TO THE DATE OF PURCHASE." (Pl.'s Compl. 4, 5.)

Plaintiffs' first exhibit is a Determination by the Oklahoma Human Rights Commission ("OHRC") relating to a complaint filed by Mr. Byrd against Lynn Ashmore, owner of Defendant Regency Mortgage, and Defendant Pickens County, I.T. Title & Closing, in which Mr. Byrd claims that the respondents "discriminated against him in the terms, conditions and services of sale [of property]." (Pl.'s Compl. Ex. 1 at 1.) According to the OHRC's Determination, Mr. Byrd purchased a home and some real property with Ashmore acting as his broker. Mr. Byrd alleged that although the property's sale price was approximately $76,000, Mr. Byrd requested a loan of $83,000 so that he would receive a $7,000 surplus upon closing. Mr. Byrd contends that Ashmore subsequently questioned him on his bank accounts and refused to provide him with the surplus. In addition, Mr. Byrd apparently alleged that he was required to pay Defendant Pickens County I.T. Title and Closing $2,497 in closing costs that he had not expected to pay, and that Pickens County had subsequently requested an additional $340 more after closing had been completed. After reviewing Mr. Byrd's complaint and the defenses asserted by the respondents,

the OHRC concluded that Mr. Byrd "was not subjected to any different or additional terms or conditions nor was he discriminated against because of his race or claim of mental disability." (Pl.'s Compl. Ex. 1 at 3.)

In addition to the OHRC's Determination, Plaintiffs attach numerous other exhibits to their Complaint. These exhibits include copies of an OHRC Determination of No Reasonable Cause, two real estate purchase agreements in which Plaintiffs agree to purchase real estate for $83,000, a real estate lease, an abstract and title statement by Choctaw County Abstract & Title, Inc., a cashier's check receipt for $1,527 from First United Bank, a document presenting a good faith estimate of costs likely to be incurred in obtaining a loan to purchase the property, and a Truth-In Lending Disclosure Statement.

On September 18, 2006, Defendant Pickens County, I.T. Title & Closing filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. On September 27, 2006, Defendant Regency Mortgage followed suit, asserting the same arguments in its own Motion to Dismiss. Essentially, both motions allege that Plaintiffs' Complaint lacks sufficient factual and legal allegations from which to determine under what legal theory or theories Plaintiffs' seek to proceed against Defendants.

## Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b), in turn, permits a district court to dismiss a complaint upon the defendant's motion

for "failure to state a claim upon which relief can be granted."[2] Fed. R. Civ. P. 12(b)(6). As the U.S. Supreme Court has noted, however, such a dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Additionally, the Court notes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id*. at 1110. Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. Likewise, if a pro se plaintiff's "factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, [the pro se plaintiff] should be allowed to amend his complaint." *Id*.

In spite of the deference shown a pro se plaintiff's pleadings, the Tenth Circuit has

---

[2] The Court recognizes that Rule 12(b) also provides that "[i]f, on a motion...to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Because the exhibits listed above and discussed by Defendants were attached to and incorporated by reference in Plaintiffs' Complaint, however, such exhibits do not constitute "matters outside of the pleading." *See Torres v. First State Bank of Sierra County*, 550 F.2d 1255, 1257 (10th Cir. 1977) ("When matters *outside of the record* are presented and not excluded, the court must treat the motion as one for summary judgment and proceed under Rule 56.") (emphasis added). Indeed, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c).

clearly noted that "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. A court may not "supply additional facts, nor...construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied* 493 U.S. 1059 (1990). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110.

Even construed liberally, Plaintiffs' Complaint does not state a claim upon which relief may be granted. From the face of Plaintiffs' Complaint, the Court cannot clearly determine what specific actions of Defendants that Plaintiffs are challenging in this action as violative of either the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. Instead, with only vague references to violations of federal law as guidance, Plaintiffs would have the Court construct their legal theory and supply facts supporting the same from a series of exhibits that, at best, include *the OHRC's interpretation* of allegations made by Mr. Byrd against Defendants in a prior administrative proceeding. Such intervention by the Court would constitute precisely the kind of advocacy on behalf of a pro se party in which this Court may not engage.

Rather than making factual allegations of their own in their Complaint, Plaintiffs offer only conclusory allegations that Defendants undertook certain undefined actions because of Plaintiffs' race and that these actions violated the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Absent any supporting averments by Plaintiffs themselves providing facts in support of their conclusory allegations, the Court is left to conclude that Plaintiffs have failed to state a claim upon which relief can be granted within the meaning of Rule 12(b).

**Conclusion**

For the reasons stated above, Defendants' Motions to Dismiss are GRANTED in their entirety. In light of their pro se status, the Court ORDERS that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE with regard to Plaintiffs' refiling a sufficient complaint.

IT IS SO ORDERED this 20th day of December 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma